IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED

MAR 1 3 2019

Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| FIDELITY EXPLORATION & PRODUCTION COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID BERNHARDT, Acting Secretary of the Interior, JON K. RABY, in his official capacity as acting Montana/Dakotas State Director, Bureau of Land Management; UNITED STATES DEPARTMENT OF THE INTERIOR, an agency of the United States Government; and BUREAU OF LAND MANAGEMENT, an agency of the United States Government,<br><br>Defendants. | CV 16-167-BLG-SPW<br><br>ORDER |

Before the Court are United States Magistrate Judge Timothy Cavan's Findings and Recommendations, filed on January 24, 2019. (Doc. 35). Judge Cavan recommends that this Court deny Fidelity's Motion for Partial Summary Judgment (Doc. 25) and grant Defendants' Motion for Summary Judgment (Doc. 28). Fidelity timely objected to Judge Cavan's Findings and Recommendations.

1

(Doc. 36). Fidelity is entitled to a de novo review of those findings to which they has "properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C).

The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *McMillan v. United States*, 112 F.3d 1040, 1044 (9th Cir. 1997) (citations omitted).

"A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010). "It is not sufficient for the objecting party to merely restate arguments made before the magistrate or to incorporate those arguments by reference." *Id.* "Objection[s] to a magistrate's findings and recommendations [are] not a vehicle for the losing party to relitigate its case." *Hagberg v. Astrue*, 2009 WL 3386595 at *1 (D. Mont. 2009).

Congress created magistrate judges to provide district judges "additional assistance in dealing with a caseload that was increasing far more rapidly than the number of judgeships." *Thomas*, 474 U.S. at 153. There is no benefit to the judiciary "if the district court[ ] is required to review the entire matter de novo because the objecting party merely repeats the arguments rejected by the magistrate." *Hagberg*, 2009 WL 3386595 at *1.

The Court finds that Fidelity's objections generally attempt to rehash arguments already raised in Fidelity's Motion for Summary Judgment. (*See* Doc. 36 at ¶¶ 2-4). However, the Court will analyze Fidelity's first objection, that Judge Cavan applied the wrong legal standard, under a de novo review. For the reasons explained below, the Court adopts Judge Cavan's Findings and Recommendations in full.

## I. Facts

The parties do not object to Judge Cavan's factual findings. As a result, the Court adopts the facts as set out by Judge Cavan, and reiterates only those necessary to its analysis below.

## II. Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Under summary judgment, "[t]he moving

3

party initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Summary judgment should be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. If the party moving for summary judgment meets its initial responsibility, the burden shifts to the nonmovant to demonstrate the existence of a factual dispute, that the fact in contention is material, and that the dispute is genuine. *Id.* at 323-24.

The opposing party may not rely upon the allegations or denials of its pleadings to demonstrate a factual dispute; it is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c)(1); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n. 11 (1986). The nonmoving party must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 586 (internal citation omitted); *accord* Fed. R. Civ. P. 56(c)(1). "In evaluating the evidence to determine whether there is a genuine issue of fact," the court draws "all inferences supported by the evidence in favor of the non-moving party." *Walls v. Cent. Costa*

4

*Cnty. Transit Auth.*, 653 F.3d 963, 966 (9th Cir. 2011). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586 (citations omitted).

The District of Montana Local Rule 72.3(a) provides that an objection to a magistrate judge's findings and recommendations must itemize:

> (1) each factual finding of the magistrate judge to which objection is made, identifying the evidence in the record the party relies on to contradict that finding; and

> (2) each recommendation of the magistrate judge to which objection is made, setting forth the authority the party relies on to contradict that recommendation.

### III. Discussion

Fidelity makes the following objections:

(1) the Findings and Recommendations are contrary to the law because they apply the wrong legal standard as to whether Fidelity's Beneficial Use and Commingling of the natural gas were authorized;

(2) the Findings and Recommendations are contrary to the facts because Fidelity's Beneficial Use and Commingling were authorized by the BLM;

(3) the Findings and Recommendations are contrary to the law because they require Fidelity to create and produce records related to the natural gas production that occurred in 2006;

5

(4) the Findings and Recommendations are contrary to the law because they improperly allow the BLM to modify an illegal Order.

The Court addresses them in order.

### A. Judge Cavan applied the correct legal standard.

Fidelity objects that by not considering whether BLM provided Fidelity implied authorization for Commingling and Beneficial Use, Judge Cavan applied the wrong legal standard in his Findings and Recommendations. (Doc. 36 at 10). Fidelity argues that at the time Fidelity began operating the gas wells, BLM did not have any specific regulation or process pertaining to authorization for Beneficial Use and Commingling, so Judge Cavan erred by failing to consider whether implied authorization existed. (*Id.*). The Court disagrees.

After reviewing Judge Cavan's Findings and Recommendations, the Court finds that Judge Cavan considered the plans of development to determine whether "these provisions imply that BLM authorized the metering of gas from federal wells after being commingl[ed] with other wells," and found "no indication" of authorization. (Doc. 35 at 10-11). The Court finds that Judge Cavan did in fact consider whether implied authorization existed and found it did not. After conducting a de novo review, the Court agrees with this determination for those reasons proffered by Judge Cavan.

## B. Fidelity's Remaining Objections

In its remaining objections, Fidelity's arguments are identical to those presented to Judge Cavan in the first instance, even to the extent that large parts of the opening briefs in summary judgment are cut and pasted into its objection brief. (*Compare Docs*. 31 and 36). Fidelity does not identify any particular objection to Judge Cavan's determinations on these points, rather Fidelity inappropriately restates the arguments it previously made to Judge Cavan to this Court. *See Hagberg*, 2009 WL 3386595 at *1. As Fidelity has not made proper objections, the Court, consistent with other courts in this district, overrules the objections without further analysis. *See Ogle v. McTighe,* 2019 WL 549566, *2 (D. Mont. Feb. 12, 2019). Reviewing Judge Cavan's findings and recommendations with respect to his legal conclusions, the Court finds no clear error.

## III. Conclusion

For the reasons discussed above, Judge Cavan's Findings and Recommendations (Doc. 35) are ADOPTED in full. IT IS FURTHER ORDERED that Fidelity's Motion for Partial Summary Judgment (Doc. 25) is DENIED and Defendants' Cross-Motion for Summary Judgment (Doc. 28) is GRANTED in its entirety.

The Clerk is ordered to enter judgment and close this case.

DATED this 12th day of March 2019.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge